UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LAMAR HUTCHINS,<br><br>                Plaintiff,<br><br>   v.<br><br>FRED MEYER STORES INC.,<br><br>                Defendant. | CASE NO. 3:24-cv-06056-LK<br><br>ORDER DENYING MOTION FOR REMOTE PARTICIPATION IN ALL CASE PROCEEDINGS AND MOTION TO COMPEL |

      This matter comes before the Court on Plaintiff Lamar Hutchins' Motion for Remote Participation in All Case Proceedings, Dkt. No. 5, and a "proposed order" that the Court construes as a motion to compel, Dkt. No. 6. In his Motion for Remote Participation in All Case Proceedings, Hutchins requests an order from the Court permitting him to participate in all case proceedings remotely, including hearings, depositions, and trial" due to his "anxiety condition, his current relocation out of Seattle, Washington, and the availability of reliable technology to ensure his full participation without disruption." Dkt. No. 5 at 2. In his proposed order, Hutchins requests "an order compelling Defendant [Fred Meyer Stores Inc.] to produce certain documents and information necessary for discovery in this case," including, *inter alia*, "all documents,

communications, and records related to [Hutchins'] applications for employment," "statistical data on hiring practices," and "internal policies, procedures, and training materials related to" Fred Meyer's hiring practices, anti-discrimination policies, and reasonable accommodations under the Americans with Disabilities Act and Washington Law Against Discrimination. Dkt. No. 6 at 2–3.

Hutchins' motion for remote participation is premature. Fred Meyer has not yet appeared in this case, and the case has not yet proceeded to discovery. If the case proceeds to discovery, the Court will address any request for remote proceedings on a proceeding-by-proceeding basis. *See, e.g.*, Fed. R. Civ. P. 30(b)(4) ("The parties may stipulate—or the court may on motion order—that a deposition be taken by telephone or other remote means."). The same applies to any hearings or trial, should this case proceed to that point. *See, e.g.*, Fed. R. Civ. P. 43(a) (permitting remote testimony at trial only when warranted by "good cause in compelling circumstances and with appropriate safeguards"); *In re Kirkland*, 75 F.4th 1030, 1043–44 (9th Cir. 2023) (noting that "remote testimony is the exception, and live, in-person testimony is strongly preferred").

Hutchins' request for discovery is improper and premature. With few exceptions, litigants who seek relief from the court must file a motion asking for such relief. LCR 7(b)(1). Filing such a request as a proposed order is procedurally improper and does not provide the opposing party with an opportunity to respond. The Court will not entertain improper requests for relief in the future and may summarily strike improper filings.

Even if Hutchins had filed a proper motion to compel, however, the motion would be without merit. Absent a court order or other circumstances not present here, "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." Fed. R. Civ. P. 26(d)(1). Such conferral is not required unless the opposing party has been properly served or appears and waives service. Fed. R. Civ. P. 4(c)–(d), 4(m). In addition, "Rule 26 initial disclosures and discovery requests and responses must not be filed unless they are used in the

ORDER DENYING MOTION FOR REMOTE PARTICIPATION IN ALL CASE PROCEEDINGS AND MOTION TO COMPEL - 2

proceedings or the court orders filing." LCR 5(d). The Court further notes that under Local Civil Rule 37(a),[1] the Court may deny any motion to compel that does not contain the required "certification, in the motion or in a declaration or affidavit, that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to resolve the dispute without court action."

Pro se litigants are subject to the same procedural requirements as other litigants. *Muñoz v. United States*, 28 F.4th 973, 978 (9th Cir. 2022). This entails strict compliance with applicable law, including but not limited to the Federal Rules of Civil Procedure and Local Civil Rules. *See Chan v. Ryan*, No. 22-CV-01796-LK, 2023 WL 197429, at *4 (W.D. Wash. Jan. 17, 2023). Failure to do so may result in sanctions up to and including dismissal. *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam) (failure of pro se litigant to follow procedural rules justified dismissal of civil rights action). The Federal Rules of Civil Procedure are available at https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure. The Western District of Washington has also published a guide to assist pro se litigants, available at https://www.wawd.uscourts.gov/representing-yourself-pro-se.

Accordingly, the Court DENIES Hutchins' Motion for Remote Participation in All Case Proceedings, Dkt. No. 5, and motion to compel, Dkt. No. 6.

Dated this 17th day of January, 2025.

Lauren King
United States District Judge

---

[1] The Local Civil Rules are available at: https://www.wawd.uscourts.gov/sites/wawd/files/042624%20WAWD%20Local%20Civil%20Rules%20-%20Clean.pdf.

ORDER DENYING MOTION FOR REMOTE PARTICIPATION IN ALL CASE PROCEEDINGS AND MOTION TO COMPEL - 3